IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                No. 14-cv-0957 RB/SMV
                                                                                     12-cr-2903 RB

CHRISTOPHER A. APALATEGUI,

    Defendant/Petitioner.

**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Defendant/Petitioner ("Petitioner") Christopher A. Apalategui's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence . . . [CV Doc. 1, CR Doc. 44][1] ("Motion"), filed on October 22, 2014. Plaintiff/Respondent ("the Government") responded on February 5, 2015. [CV Doc. 9, CR Doc. 54]. Plaintiff filed no reply. The Honorable Robert C. Brack, United States District Judge, referred this matter to me for proposed findings and a recommended disposition. [CV Doc. 3]. Having reviewed the parties' submissions, the relevant law, the records in this case and Petitioner's underlying criminal case, and being otherwise fully advised in the premises, I recommend that the Motion be DENIED and that Case No. 14-cv-0957 RB/SMV be DISMISSED with prejudice.

**BACKGROUND**

On May 22, 2012, a criminal complaint was filed against Petitioner in the United States District Court for the District of New Mexico. [CR Doc. 1]. The complaint alleged that

---

[1] References that begin with "CV" are to case number 14-cv-0957 RB/SMV. References that begin with "CR" are to the underlying criminal case, 12-cr-2903 RB.

Petitioner was found in possession of a firearm and ammunition after having been convicted of prior felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *Id.*

A grand jury subsequently returned a one-count indictment charging Petitioner with violation of §§ 922(g)(1) and 924(a)(2).  Redacted Indictment [CR Doc. 23] (filed November 14, 2012).  The indictment also listed various prior convictions, including (1) first-degree burglary in Oregon (Case No. 94CR0533); (2) second-degree burglary in Arizona (Case No. CR-46407); (3) aggravated robbery in Arizona (Case No. CR-68507); (4) possession of a deadly weapon by a prohibited possessor in Arizona (Case No. CR-65830); and (5) attempted theft of transportation by control and/or by controlling stolen property in Arizona (Case No. CR20055094).  *Id.*

On September 18, 2012, the Court ordered the U.S. Probation Office to complete a pre-conviction presentence investigation report.  [CR Doc. 21].  The U.S. Probation Office disclosed the report to the parties on November 21, 2012. [CV Doc. 9] at 1.  The report revealed that Petitioner could be sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA") due to his prior violent felony convictions.  *Id.*

On February 12, 2013, Petitioner pleaded guilty to the indictment before the Honorable William P. Lynch, United States Magistrate Judge.  [CR Doc. 36].  Petitioner and the Government had not entered into a written plea agreement prior to Petitioner's guilty plea. [CV Doc. 9] at 2.

Judge Brack held a sentencing hearing on November 26, 2013.  [CR Doc. 40].  Due to his prior convictions, Petitioner was designated an armed career criminal under the ACCA and received the mandatory minimum sentence of fifteen years' incarceration.  Transcript of

Sentencing Hearing, November 26, 2013 [CR Doc. 53] at 4, 11, 18. Petitioner filed no direct appeal.

Petitioner now brings the instant Motion pursuant to 28 U.S.C. § 2255. [CV Doc. 1].

## ANALYSIS

Petitioner claims[2] that he was wrongfully sentenced as an armed career criminal, that he was "never writed [sic] over to federal custody for arraignment [and] sentencing," and that he should not have been charged for violating multiple statutes simultaneously. [CV Doc. 1]. Further, Petitioner asserts various claims for ineffective assistance of counsel. *See generally id.* The Government contends that all of Petitioner's claims are meritless, [CV Doc. 9], and I agree. I will address Petitioner's claims below in order of analytical convenience.

The Government argues that most of Petitioner's claims are procedurally defaulted. Procedural default, however, is not jurisdictional. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Accordingly, a court need not address procedural default defenses where a habeas petitioner otherwise loses on the merits. *Revilla v. Gibson*, 283 F.3d 1203, 1211 (10th Cir. 2002). I decline to address the procedural default arguments here and instead will make recommendations based on the merits of Petitioner's claims.

**I.      Sentence as an Armed Career Criminal**

Petitioner claims that he was wrongfully sentenced as an armed career criminal. [CV Doc. 1] at 4, 8. Petitioner contends that his criminal history did not support his designation as an armed career criminal because he had not committed three violent crimes involving a gun.

---

[2] In his Motion, Petitioner asserts four grounds for relief. However, many of his grounds may be construed to contain multiple claims. Because Petitioner appears pro se, I will construe his pleadings liberally. *See Steele v. Young*, 11 F.3d 1518, 1521 n.4 (10th Cir. 1993).

3

*Id.* at 4.  While Petitioner concedes that he committed two burglaries and an aggravated robbery, he contends that the burglaries were not violent.  *Id.*  Petitioner also argues that his prior convictions should not have been used in determining whether he was an armed career criminal because they occurred more than fifteen years prior to his current criminal charges.  *Id.* at 5, 8.  Petitioner's claim is meritless.

Petitioner's offense of conviction—possession of a firearm and ammunition after a felony conviction—carries a maximum statutory penalty of ten years' incarceration.  18 U.S.C. § 924(a)(2); *see* Transcript of Plea Hearing, February 12, 2013 [CR Doc. 52] at 5.  However, the ACCA imposes a 15-year mandatory minimum prison term on an individual convicted of being a felon in possession of a firearm if that individual has three prior convictions for committing certain drug crimes or "violent felon[ies]."  § 924(e)(1); *see Chambers v. United States*, 555 U.S. 122, 124 (2009).  A "violent felony" is defined as a crime punishable by more than one year's imprisonment that, *inter alia*, "involves conduct that presents a serious potential risk of physical injury to another."  § 924(e)(2)(B)(ii).  A habeas petitioner proceeding under § 2255 may challenge his sentence as an armed career criminal on the ground that his prior convictions were not violent felonies within the meaning of the ACCA.  *See United States v. Dority*, 508 F. App'x 709, 710 (10th Cir. 2013).

In determining whether a defendant's prior conviction was a "violent felony" under the ACCA, courts use a categorical approach and examine the generic offense of conviction. *Chambers*, 555 U.S. at 125–26.  Courts do not look to "whether the present defendant's prior crime, as committed on a particular occasion, did or did not involve violent behavior."  *Id.* at 125; *see Taylor v. United States*, 495 U.S. 575, 600 (1990).

4

Petitioner's argument that his prior convictions were not violent felonies is without merit. Petitioner was sentenced as an armed career criminal for having been convicted the following predicate offenses: (1) first-degree burglary in Oregon; (2) second-degree burglary in Arizona; and (3) aggravated robbery in Arizona. *See* [CR Doc. 2]; [CR Doc. 52] at 7. Petitioner argues that the two burglaries should not be counted as predicate offenses here because the burglaries were not committed in a violent manner. [CV Doc. 1] at 4. However, the fact that Petitioner's burglaries may not have been committed dangerously or violently is immaterial in determining whether they count as violent felonies for the purposes of the ACCA. *See Chambers*, 555 U.S. at 125. Rather, Petitioner's prior convictions must be analyzed under a categorical approach. *See id.* at 125–26. Courts have treated both first-degree burglary in Oregon and second-degree burglary in Arizona as violent felonies for the purposes of the ACCA. *See United States v. Terrell*, 593 F.3d 1084, 1093–95 (9th Cir. 2010) (concluding that second-degree burglary under Arizona law constitutes a "violent felony" under the ACCA), *cert. denied*, 131 S. Ct. 2094 (2011); *United States v. Davis*, 339 F. App'x 359, 359 (5th Cir. 2009) (affirming the district court's decision that second-degree burglary in Arizona is a "violent felony" under ACCA); *United States v. Mayer*, 560 F.3d 948, 963 (9th Cir. 2009) (finding that first-degree burglary under Oregon law is a "violent felony" under the ACAA). Petitioner has presented no argument as to why the Court should have reached a different outcome in his case. Thus, Petitioner's argument as to the nonviolence of his prior convictions is unavailing.

Petitioner further argues that his prior convictions should not be counted as predicate offenses because they occurred more than fifteen years prior to his current criminal case. [CV Doc. 1] at 5, 8. This argument is similarly unavailing. "The ACCA itself does not place

any time period restriction on prior convictions considered for sentence enhancement." *United States v. Lujan*, 9 F.3d 890, 893 (10th Cir. 1993). Moreover, the Tenth Circuit has "decline[d] to conclude that prior convictions should be eliminated from consideration under the ACCA because they are ancient." *Id.* Accordingly, Petitioner's argument as to the age of his convictions is without merit. I find, therefore, that Petitioner's challenge to his sentence as an armed career criminal is meritless.

## II. Claim Concerning Federal Custody during Arraignment and Sentencing

Petitioner claims that he was "never writed [sic] over to federal custody for arraignment [and] sentencing." [CV Doc. 1] at 8. Petitioner's claim is meritless for two reasons.

First, Petitioner's claim is not cognizable in a § 2255 habeas petition. A habeas proceeding is "an attack by a person in custody upon the legality of that custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). A petition for relief under § 2255 must challenge the validity of a conviction or sentence. *Id.* Petitioner's custody during arraignment and sentencing is immaterial to the validity of his conviction and sentence. Accordingly, his claim is not cognizable in the present Motion.

Moreover, even if Petitioner's claim were cognizable, his claim would still be meritless because it is belied by the record. The Court issued an Order for Writ of Habeas Corpus Ad Prosequendum [CR Doc. 7] on May 25, 2012—prior to Petitioner's initial appearance. The order required that Petitioner be released to the U.S. Marshal Service as needed throughout Petitioner's federal prosecution. [CR Doc. 7]; *see* Writ of Habeas Corpus Ad Prosequendum [CR Doc. 8]. Moreover, Petitioner appeared in person for his initial appearance, *see*

[CR Doc. 9], preliminary hearing, *see* [CR Doc. 13], arraignment, *see* [CR Doc. 25], plea hearing, *see* [CR Docs. 36, 52], and sentencing, *see* [CR Docs. 40, 53]. Petitioner's allegation as to his custody is simply inaccurate. I find that Petitioner's claim as to his custody during arraignment and sentencing is meritless.

### III. Claim Concerning Petitioner's Charges

The one-count indictment charged Petitioner with violating both 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [CR Doc. 23] at 2. Petitioner challenges his conviction on the grounds that he should not have been charged under both statutes simultaneously.[3] [CV Doc. 1] at 8. Petitioner's claim is meritless, as criminal defendants may be charged under §§ 924(a)(2) and 922(g)(1) simultaneously. *See, e.g.*, *United States v. White*, 326 F.3d 1135, 1135 (10th Cir. 2003).

### IV. Ineffective-Assistance-of-Counsel Claims

#### A. The Standard

The test for making a claim of constitutionally ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must satisfy a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [proceeding].

---

[3] Specifically, Petitioner claims that he was wrongfully charged with violating 18 U.S.C. §§ 924(e) and 922(g). [CV Doc. 1] at 8. Petitioner was actually charged under §§ *924(a)(2)* and 922(g)(1). [CR Doc. 23] at 2. The difference in offense appears to be a minor misstatement, and I will construe Petitioner's claim as a challenge to the charges under §§ 924(a)(2) and 922(g)(1).

466 U.S. at 687. Both showings must be made to satisfy the *Strickland* standard. *Id.* The Court need not address both prongs of the standard if the defendant makes an insufficient showing on one of the prongs. *Id.* at 697. In applying the two-part *Strickland* test, a court may address the performance and prejudice components in any order. *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

Under the first prong, a defendant must demonstrate that his counsel's performance was deficient. The appropriate standard for attorney performance is that of reasonably effective assistance; the defendant must demonstrate that counsel's representation, considering all the circumstances, fell below an objective standard of reasonableness based on prevailing professional norms. *See Strickland* 466 U.S. at 687–88. For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)). In evaluating an attorney's performance, the Court must be highly deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance

and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "Neither hindsight nor success is the measure" of whether counsel was effective, and "effective" is not synonymous with victorious or flawless. *Dever v. Kan. State Penitentiary*, 36 F. 3d. 1531, 1537 (10th Cir. 1994). Rather, to be considered *ineffective* assistance of counsel, "the representation must have been such as to make the [proceeding] a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Id*. (citing *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971)).

A defendant asserting ineffective assistance of counsel must also affirmatively prove prejudice. *Strickland*, 466 U.S. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### B. Ineffective Assistance for "Forc[ing]" Petitioner to Plead Guilty

Petitioner claims that counsel was constitutionally ineffective in "forc[ing]" him to plead guilty to be sentenced as an armed career criminal. [CV Doc. 1] at 4. As discussed above, Petitioner contends that his criminal history did not satisfy the requirements for sentencing as an armed career criminal. *Id.*

Defendants are entitled to effective assistance of counsel during the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). As with other ineffective assistance of counsel claims, the two-pronged *Strickland* test applies. To establish prejudice in the context of pleas, a defendant must "show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

9

*Lockhart*, 474 U.S. 52, 58–59 (1985). Moreover, due process requires that a defendant's plea of guilty be "voluntary and knowing." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). Otherwise, the plea of guilty is void. *Id.* "[T]he longstanding test for determining the validity of a guilty plea . . . is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (quoting *Hill*, 474 U.S. at 56) (internal quotation marks omitted).

Petitioner's contention that he was "forced" to plead guilty is belied by the record. Judge Lynch conducted an extensive plea colloquy during the February 12, 2013 plea hearing, which included the following:

> THE COURT: Has anybody forced you to plead guilty?
> [PETITIONER]: No, your Honor.
> THE COURT: Has anybody threatened you to get you to plead guilty?
> [PETITIONER]: No, your Honor.
> THE COURT: Has anyone promised you anything to get you to plead guilty?
> [PETITIONER]: No, your Honor.
> . . . .
> THE COURT: I also described your right to plead not guilty, to proceed to trial, and the rights that go along with a jury trial. Do you understand those rights?
> [PETITIONER]: Yes, your Honor.
> THE COURT: Do you understand by pleading guilty this morning, you're giving up your right to trial and all of the rights that I described?
> [PETITIONER]: Yes, your Honor.
> . . . .
> THE COURT: Have you talked to [counsel] about the facts and the circumstances of your case?
> [PETITIONER]: Yes, I have, your Honor.
> THE COURT: Are you satisfied with the advice and representation he's provided to you?
> [PETITIONER]: Yes, your Honor.
> THE COURT: I'm sure you've talked with [counsel] about what sentence the judge will give you. Do you understand what

> [counsel] has given you is only an estimate, or a prediction of that sentence?
> [PETITIONER]: Yes, your Honor.
> THE COURT: The sentencing guidelines are advisory. The Court will calculate the sentencing guideline range and will consider that range when determining your sentence. A Presentence Report will be prepared. You'll have an opportunity to challenge the reported facts and the application of the guidelines in that report. Do you understand that?
> [PETITIONER]: Yes, your Honor.
> THE COURT: Do you understand that the sentence the District Judge gives you may be different than the sentence you've discussed with [counsel]?
> [PETITIONER]: Yes, your Honor.
> THE COURT: Do you understand that it's possible you could receive the maximum sentence that's allowed under the law?
> [PETITIONER]: Yes, your Honor.
> THE COURT: Sir, how do you plead to the charge against you, guilty or not guilty?
> [PETITIONER]: Guilty.
> . . . .
> THE COURT: Have you understood my questions this morning?
> [PETITIONER]: Yes, your Honor.
> . . . .
> THE COURT: Sir, I find that you're competent and capable of entering an informed plea, you're aware of the nature of the charges and the consequences of your plea. I find your—
> [PETITIONER]: Yes, your Honor.
> THE COURT:—plea is knowing and voluntary. I accept your plea of guilty and now adjudge you guilty.

[CR Doc. 52] at 4–8. A review of the extensive plea colloquy conducted during the plea hearing establishes that Petitioner's guilty plea was free from force, threat, or promises. *Id.* at 4. Petitioner affirmed that he was apprised of the facts and circumstances of his case and understood the rights he chose to give up in pleading guilty. *Id.* at 4–6. He understood that counsel's estimation of his sentence was a simply a prediction. *Id.* at 6. Judge Lynch determined that Petitioner was aware of the nature of the charges and the consequences of his plea and found Petitioner's plea to be "knowing and voluntary." *Id.* at 8. I find that Petitioner's

counsel did not force him to plead guilty, and that the plea was voluntary and intelligent. *See Tovar Mendoza*, 620 F.3d at 1269. Accordingly, I find that Petitioner has failed to show that counsel's performance was constitutionally deficient.

Moreover, Petitioner's contention that counsel forced him to plead guilty *as an armed career criminal* is unsupported by the record. Petitioner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* at 7; *see* [CR Doc. 23] at 2. Petitioner was sentenced as an armed career criminal much later in the criminal proceedings, after Petitioner had entered his guilty plea.

Assuming *arguendo* that counsel's performance were deficient—which I do not find—Petitioner has not established prejudice from trial counsel's alleged errors. Petitioner has made no showing that he would have chosen to forgo his guilty plea and proceed to trial absent counsel's alleged deficient performance. In fact, the criminal proceedings show quite the opposite. Petitioner indicated his willingness to negotiate a plea agreement early in his criminal proceedings. *See* Stipulated Motion to Compel Pre-Conviction Presentence Investigation Report [CR Doc. 20] at 1 ("The parties are trying to fashion a plea agreement."). Petitioner entered his guilty plea with the express understanding that counsel's estimate of his sentence was simply that—an estimate. [CR Doc. 52] at 6. And Judge Lynch found that Petitioner's plea was knowing and voluntary; that is, Petitioner entered his plea with full understanding of the charges and consequences. *Id.* at 8. I find that Petitioner has established neither deficient performance nor prejudice and, thus, has failed to show ineffective assistance of counsel under *Strickland*.

## C.   Ineffective Assistance for Counsel's Alleged Promises Concerning the Execution of Petitioner's Sentence

Petitioner claims ineffective assistance based on trial counsel's alleged promises and misrepresentations concerning the execution of his sentence.[4] Petitioner alleges that counsel promised Petitioner that he would serve his sentence in a federal facility rather than a state facility, which he alleges "never happened." [CV Doc. 1] at 5. Moreover, Petitioner contends that counsel to told him "not to worry about [his] state time" because his state and federal sentences would run concurrently with each other. *Id.* Petitioner alleges that this, too, "never happened." *Id.* Petitioner claims that he "continually asked [counsel] to tell the judge to run [his] state time together with his federal time . . . ." *Id.* at 10. Relatedly, he contends that counsel discouraged him from speaking with the judge about the matter himself. *Id.*

Petitioner's claim is meritless. Petitioner does not allege—much less show—that the result of his criminal proceedings would have differed absent counsel's alleged errors. *See Strickland*, 466 U.S. at 693–94. Petitioner has not alleged that he would have proceeded to trial rather than pleading guilty absent counsel's alleged promises concerning the execution of his sentence. *See Hill*, 474 U.S. at 58–59. Neither has he alleged that he would have received a different sentence. Accordingly, Petitioner has failed to establish prejudice, as required under *Strickland*. I find that his claim is meritless.[5]

---

[4] Petitioner alleges merely that counsel made certain promises as to the execution of his sentence that ultimately did not come to pass and, relatedly, that counsel discouraged Petitioner from discussing the matter with the judge personally. [CV Doc. 1] at 5, 10. Such assertions alone fail to state a cognizable claim in a petition under § 2255. Because Petitioner appears pro se, I will construe his allegations liberally and proceed as though he has raised a claim for ineffective assistance of counsel. *See Steele*, 11 F.3d at 1521 n.4.

[5] To the extent that Petitioner's claim could be construed as a challenge to the execution of his sentence, I decline to do so. A challenge to the execution of a sentence is not cognizable in a petition under 28 U.S.C. § 2255. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). Such a challenge is more appropriate for an action under § 2241 or, if it concerns the conditions of confinement, a *Bivens* action under 42 U.S.C. § 1983. *See United States v.*

### D. Ineffective Assistance due to Alleged Conflict of Interest

Petitioner claims that counsel was constitutionally ineffective due to an alleged conflict of interest. [CV Doc. 1] at 7. Petitioner claims that a conflict of interest existed because, approximately six months prior to handling Petitioner's case, counsel represented Petitioner's God-daughter on a drug charge. *Id.* Petitioner alleges that he had communicated with counsel on several occasions to discuss his God-daughter's case, and that counsel continued to discuss his God-daughter's case throughout his own proceedings. *Id.* Petitioner contends that counsel "was bias[ed] toward [him be]cause of that." *Id.*

The Sixth Amendment guarantees the "right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). In the context of a conflict-of-interest claim where the petitioner lodged no Sixth Amendment objection at trial, the petitioner must demonstrate "that an actual conflict of interest adversely affected his lawyer's performance." *United States v. Bowie*, 892 F.2d 1494, 1500 (10th Cir. 1990) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 350). Prejudice, as required under *Strickland*, is presumed where counsel is burdened by an actual conflict of interest, and no further showing of prejudice is necessary. *United States v. Flood*, 713 F.3d 1281, 1286 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 341 (2013). "An actual conflict of interest exists only if counsel was forced to make choices advancing interests to the detriment of his client. In other words, there must be more than a potential conflict of interest or a mere theoretical division of loyalties." *Id.* at 1286–87 (internal quotation marks and citations

---

*Garcia*, 470 F.3d 1001, 1002–03 (10th Cir. 2006) (a request by a federal prisoner for a change in place of confinement must be brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)); *McIntosh*, 115 F.3d at 812 (10th Cir. 1997) ("A [proceeding under § 2241] attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." (internal quotation marks omitted)); *e.g.*, *Burgess v. Daniels*, 578 F. App'x 747, 750 (10th Cir. 2014) (upholding the district court's dismissal of a petition under § 2241, which challenged the execution of the petitioner's sentence, where the petitioner failed to exhaust administrative remedies).

omitted).  "[T]he petitioner must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party."  *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998) (internal quotation marks omitted).

Petitioner's claim is meritless because he fails to demonstrate an actual conflict of interest.  *See Bowie*, 892 F.2d at 1500.  Petitioner's allegations, if true, do not amount to an actual conflict of interest—or even a theoretical division of loyalties—in counsel's representation.  Petitioner has merely alleged that counsel represented both Petitioner and his God-daughter at or near the same time.  [CV Doc. 1] at 7.  Though Petitioner has alleged counsel's bias arising from this relationship, he has pointed to no instances suggesting an "impairment or compromise of his interests" for the benefit of his God-daughter.  *See Alvarez*, 137 F.3d at 1252.  Indeed, he has alleged nothing to show that counsel was forced to make choices advancing other interests, to Petitioner's detriment.  *See Flood*, 713 F.3d at 1286–87.  Accordingly, Petitioner's claim as to counsel's alleged conflict of interest is meritless.

### E. Ineffective Assistance for Counsel's Failure to Inform on Appellate Rights

Petitioner claims that counsel was constitutionally ineffective in failing to inform him of his appellate rights.[6]  *See* [CV Doc. 1] at 4, 5, 7, 8, 9, 10.  Petitioner contends that counsel "never once spoke to [him] about [his] rights to appeal."  *Id.* at 7.

Even if his assertions were true, Petitioner's claim would still be meritless because he fails to establish prejudice arising from counsel's alleged deficiency.  Petitioner was informed of his right to appeal during the November 26, 2013 sentencing hearing.  [CR Doc. 53] at 20.

---

[6] Petitioner contends at various points throughout his Motion that he failed to raise his other claims on appeal because counsel never informed him of his ability to appeal.  Because Petitioner appears pro se, I will construe his claims liberally and proceed as though he has raised these contentions as a claim for ineffective assistance of counsel.  *See Steele*, 11 F.3d at 1521 n.4.

Indeed, after imposing Petitioner's sentence, Judge Brack stated: "[Y]ou have 14 days within which to appeal the sentence that I've just imposed.  Counsel could assist you.  It wouldn't cost you anything."  *Id.*  Thus, Petitioner was clearly aware of his right to appeal, and no prejudice resulted from counsel's alleged deficiency.  Accordingly, I find that Petitioner's claim is meritless.

## CONCLUSIONS AND RECOMMENDED DISPOSITION

For the reasons set forth herein, I recommend that Petitioner's § 2255 Motion [CV Doc. 1; CR Doc. 44] be **DENIED**, and that his action be **DISMISSED WITH PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**