# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTOPHER A. APALATEGUI, ) | |
| ) | |
| Petitioner, ) | |
| ) | 16-cv-00479 |
| vs. ) | 12-cr-02903 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## CHRISTOPHER APALATEGUI'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Christopher A. Apalategui, through undersigned counsel, respectfully submits the following memorandum in support of his *Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*, (Doc. 59).[1] For the following reasons, Mr. Apalategui respectfully requests that the Court vacate his sentence in the underlying matter and resentence him expeditiously.

### BACKGROUND

On February 12, 2013, Mr. Apalategui, without the benefit of a plea agreement, pleaded guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Court determined that Mr. Apalategui had three qualifying "violent felony" convictions for purposes of the Armed Career Criminal Act ("ACCA"): (1) a 1996 conviction in Oregon for first degree burglary; (2) a 1994 conviction in Arizona for second degree burglary; and (3) a 2000 conviction in Arizona for aggravated robbery. (PSR ¶ 29, at 7.) The Court sentenced Mr. Apalategui to 180 months' imprisonment, the

---

[1] All documents referenced in this brief refer to documents contained in the underlying criminal case, 12-cr-02903.

mandatory minimum under the ACCA. (Doc. 41 at 2.) Absent application of the ACCA, Mr. Apalategui faced a statutory maximum penalty of ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2).

**ARGUMENT**

Mr. Apalategui's ACCA-enhanced sentence is no longer constitutional after *Johnson v. United States*, 135 S. Ct. 2551 (2015). Two of the three predicate felonies on which the Court relied to enhance Mr. Apalategui's sentence pursuant to the ACCA—specifically the Oregon conviction for first degree burglary and the Arizona conviction for second degree burglary—no longer qualify as violent felonies. The Court should thus vacate Mr. Apalategui's sentence and expeditiously resentence him without applying the ACCA.

I. **The ACCA's Residual Clause Is Unconstitutional.**

A defendant convicted of being a felon in possession of a firearm typically faces a maximum ten-year term of imprisonment. *See* § 924(a)(2). The ACCA, however, mandates a minimum fifteen-year term of imprisonment for such a defendant if he has three prior "violent felony" or a "serious drug offense" convictions. *See* § 924(e)(1). Prior to *Johnson*, a prior conviction falls within the ACCA's definition of a "violent felony" in one of three ways. First, a defendant has been convicted of a violent felony if the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). This has become known as the ACCA's "force clause." Second, certain convictions for crimes enumerated by statute are violent felonies. These are: burglary, arson, extortion, and any crime involving the use of explosives. § 924(e)(2)(B)(ii). Finally, the ACCA's so-called "residual clause" defines a violent felony as any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

2

In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. The Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016), held that "the rule announced in *Johnson* is substantive" and, thus, "retroactive in cases on collateral review." *Id.* at 1265, 1268; *see* 28 U.S.C. § 2255(f)(3) (providing that a federal prisoner may file a § 2255 motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review"). Thus, it is now abundantly clear that a prior conviction can be a predicate felony under the ACCA only if: (1) it is generically one of the enumerated crimes listed in § 924(e)(2)(B)(ii); or (2) it has "as an element the attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i), and that this rule applies to defendants, like Mr. Apalategui, who were sentenced years ago. Mr. Apalategui should be resentenced because two of the predicate convictions on which the Court relied to enhance his sentence pursuant to the ACCA no longer qualify as violent felonies after *Johnson*.

II.     **Mr. Apalategui's Oregon Conviction for First Degree Burglary No Longer Qualifies as a Violent Felony After *Johnson*.**

The issue here is whether Mr. Apalategui's Oregon conviction for first degree burglary constitutes "burglary" as enumerated by the ACCA. The generic offense of burglary consists of the unlawful entry into a "building or other structure." *Taylor v. United States*, 495 U.S. 575, 598 (1990)). "To determine whether a prior conviction is for generic burglary . . . courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (citing *Taylor*, 495 U.S. at 600–01 (1990)). As explained by the Supreme Court:

> A crime counts as "'burglary" under the [ACCA] if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA "burglary"—even if the defendant's actual conduct (*i.e.,* the facts of the crime) fits within the generic offense's boundaries.

*Id.*

Oregon defines first degree burglary as follows:

> (1) A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:
>
>     (a) is armed with a burglary tool or theft device as defined in ORS 164.235 or a deadly weapon;
>     (b) Causes or attempts to cause physical injury to any person;
>     (c) Uses or threatens to use a dangerous weapon.
>
> (2) Burglary in the first degree is a Class A Felony.

Or. Rev. Stat. § 164.225(1).[2] Oregon defines a "dwelling" as any "building which regularly or intermittently is occupied by a person lodging therein at night." Or. Rev. Stat. § 164.205(2). A "building," in turn, is defined as follows: "[I]n addition to its ordinary meaning, [a building] includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein . . . ." Or. Rev. State § 164.205(1). Thus, under Oregon law, a person could be convicted of first degree burglary where the "dwelling" is a vehicle that has been adapted for overnight accommodation or for carrying on business therein, and which is intermittently occupied by a person lodging therein at night.

---

[2] Oregon Rev. Stat. § 164.215 provides that "a person commits the crime of burglary . . . if the person enters or remains unlawfully in a building with intent to commit a crime therein." Oregon Rev. Stat § 164.225(1) was amended once between 1996 and the present date. At the time of Mr. Apalategui's conviction, subpart (a) read, "is armed with a burglar's tool as defined in ORS 164.235." In 2003, the words "burglar's tool" were replaced with "burglary tool or theft device." 2003 Or. Laws Ch. 577 (H.B. 2770). Because the 2003 amendment did not substantively alter the first degree burglary statute in any way relevant to this case, Mr. Apalategui relies on the current version of the statute in this memorandum for ease of reference.

Indeed, § 164.225(1) has been used to convict defendants for the burglary of, *inter alia*, a fishing vessel. *See State v. Spencer*, 545 P.2d 611 (Or. Ct. App. 1976).

Under Supreme Court precedent, then, Oregon's first degree burglary statute is broader than the generic form of burglary as contemplated by the ACCA. This is because the statute "does not limit burglary to 'building[s] or structures,' but also includes non-structures (such as booths, vehicles boats, and aircraft) that are regularly or intermittently used as lodgings." *United States v. Mayer*, 560 F.3d 949, 959 (9th Cir. 2009) (alterations in original); *see Taylor*, 495 U.S. at 599 (discussing how some states define burglary more broadly than generic burglary "by including places, such as automobiles and vending machines, other than buildings.").

Because the Oregon statute lists the places that may be burgled in the disjunctive, the question then becomes whether the Oregon statute is divisible or indivisible, i.e., whether the alternatives are elements of different crimes, or, instead, merely alternative means by which the singular crime of burglary may be committed. In other words, "[e]lements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis*, 136 S. Ct. at 2248 (internal quotation marks omitted). Means, by contrast are "various factual ways of committing some component of the offense." *Id.* at 2249. "[I]n determining whether a prior conviction is an ACCA offense, elements matter and means do not. A past conviction counts 'if, but only if, its elements' satisfy the ACCA." *United States v. Titties*, 852 F.32 1257, 1267 (10th Cir. 2017) (quoting *Mathis*, 136 S. Ct. at 2247).

Every court to have considered the issue has determined that Oregon's first degree burglary statute's definition "treats the disjunctive phrasing in the definition of 'building' as the means of committing the offense and not separate elements." *United States v. Cisneros*, 826 F.3d 1190, 1195 (9th Cir. 2016); *see, e.g.*, *United States v. Hope*, 2017 WL 1164352, at *9 (D. Mont.

5

Mar. 28, 2017); *United States v. Derby*, 2016 WL 1108940, at *2 (D. Or. Mar. 18, 2016);*United States v. Giddings*, 2016 WL 814799, at *1-2 (D. Or. Feb. 5, 2016); *United States v. Mayer*, 162 F. Supp. 3d 1080, 1089-90 (D. Or. 2016); *United States v. Bayya*, 2015 WL 8751795, at *3 (D. Or. Dec. 14, 2015); *United States v. Snyder*, 5 F. Supp. 3d 1258, 1263 (D. Or. 2014). That this conclusion is correct is clear not only from the structure and language of the statute,[3] but how an Oregon jury is instructed on the crime of first degree burglary. As recognized by *Cisneros*, Oregon's jury instruction does not require the jury "to specify which alternate type of building applies." 826 F.3d at 1196. In sum, every court that has considered the issue has determined that Oregon first degree burglary does not qualify as a predicate ACCA felony because it is broader than *Taylor's* definition of generic burglary and is not divisible. This Court should no different.

### III. Mr. Apalategui's 1994 Arizona Conviction for Second Degree Burglary No Longer Qualifies as aa Violent Felony After *Johnson*.

The analysis of Mr. Apalategui's 1994 Arizona conviction for second degree burglary is tracks the analysis above. The relevant Arizona statute provides: "A person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." Ariz. Rev. Stat. § 13-1507. A "residential structure" is defined as "any structure, movable or immovable, permanent or temporary, that is adapted for both human residence and lodging whether occupied or not." Ariz. Rev. Stat. § 13-1501(11). Finally, a "structure" includes "any device that accepts electronic or physical currency and that is used to conduct commercial transactions, any vending machine or any building, object, vehicle, railroad car or place with sides and a floor that is separately securable from any

---

[3] Indeed, Oregon's burglary statute is virtually identical to the Iowa statute at issue in *Mathis* where the Supreme Court held that statute listed means, not elements. *See* Iowa Code Ann. § 702.12 (providing that an "occupied structure" includes, *inter alia*, any "land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein").

other structure attached to it and that is used for lodging, business, transportation, recreation or storage." A.R.S. § 13-1501(12).

Just like the Oregon statute, Arizona's second degree burglary statute is overbroad in that it criminalizes more than generic burglary, i.e., an unlawful entry into a "building or other structure." *Taylor*, 495 U.S. at 598. Instead, it criminalizes entry into any "structure, movable or immovable, permanent or temporary," so long as it is adapted for lodging. § 13-1501(11). Furthermore, Arizona defines "structure" in the broadest sense possible, and incudes vehicles, railroad cars, and any "place with sides and a floor that is separately securable from any other structure." *See* § 13-1501(12). This definition would encompass such things as recreational vehicles, boats, train cars, and tents. The Supreme Court has repeatedly explained that statutes which criminalize entry into vehicles or vessels are broader than generic burglary. *See, e.g.*, *Mathis*, 136 S. Ct. at 2250; *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009); *Shepard v. United States*, 544 U.S. 13, 17 (2005).

In *United States v. Terrell*, 593 F.3d 1084, (9th Cir. 2010), the Ninth Circuit addressed whether Ariz. Rev. Stat. § 13-1507 is categorically a violent felony under the enumerated elements clause of the ACCA is. The government in *Terrel* understandably conceded that the elements of the crime were broader than generic burglary.[4] *Id.* at 1092.

---

4     The government's argument, instead, was that the defendant's conviction qualified as an ACCA predicate when the so-called "modified-categorical" approach was used. *Terrell*, 593 F.3d at 1092. Under that approach, courts may look to judicially-recognized documents in the underlying case to determine whether the defendant in fact committed the crime of generic burglary. As clarified in *Mathis*, however, courts may only employ the modified-categorical approach if they first determine that the statute is divisible. *See* 136 S. Ct. at 2253-54. The court in *Terrell* ultimately held that the defendant's conviction in Arizona for second degree burglary qualified, under the residual clause, as a violent felony for purpose of the ACCA . *See* 593 F.3d at 1095. This portion of *Terrell*, of course, is no longer relevant after *Johnson*.

In *United States v. Rivera-Oros*, 590 F.3d 1123 (10th Cir. 2009), the Tenth Circuit ruled that second degree burglary in Arizona is a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b). That decision, however, does not dictate the same result in this ACCA case because the court in *Rivera-Oros* expressly disclaimed reliance on *Taylor* and its progeny on the grounds that the definition of "burglary" under the ACCA was different from the definition of "burglary of a dwelling" under § 2L1.2(b). *Rivera-Oros*, 590 F.3d at 1128–30. In fact, *Rivera-Oros* itself acknowledges that the Arizona statute is likely broader than the ACCA definition of burglary. *See id.* at 1132 (citing with approval *United States v. Murillo-Lopez*, 444 F.3d 337, 341, 345 (5th Cir. 2006), for its holding that California burglary of a dwelling was a crime of violence under the Guidelines "even though California courts construe the terms building and inhabited dwelling house to include structures such as tents and vessels used for human habitation [that] do not fall within the scope of generic burglary as defined by the Supreme Court." (internal quotation marks omitted)). While recognizing the narrowness of *Taylor*'s generic burglary definition, *Rivera-Oros* held that the generic definition of "dwelling" as used in the Guidelines is significantly broader, and includes temporary and movable spaces. *Id.* at 1131–32. In sum, even though *Rivera-Oros* held that Arizona residential burglary falls within the generic meaning of "burglary of a dwelling" under § 2L1.2(b), its reasoning is fully consistent with the conclusion that the statute is broader than generic "burglary" as contemplated the ACCA. *Rivera-Oros*, therefore, has no bearing on this case. *Cf. United States v. Stitt*, 860 F.3d 854, 857-58 (6th Cir. 2017) (en banc) (holding that state burglary statutes "that covers vehicles or movable enclosures only if they are habitable [do not] fit[] within the bounds of generic burglary.").

Like the analysis above in regards to the Oregon statute, the question then becomes whether the Arizona statute is divisible, i.e., whether the Arizona statute in defining separate

places that may be burgled in the disjunctive lists separate elements (and therefore separate crimes), or simply alternative means of committing the same crime. Like the Oregon statute, and the Iowa statute at issue in *Mathis*, Ariz. Rev. Stat. § 13-1501(11) does not list different punishments for the different types of structures that can be entered. Instead, the statute is structured such that all of the different structure types are alternative methods of committing the crime of burglary, and not separate crimes. As for other sources of state law that bear on the question, *see Mathis*, 136 S. Ct. at 2256, Arizona case law from the time period of Mr. Apalategui's conviction suggest that jurors were to be instructed simply that the crime consists of unlawful entry into a residential structure, as opposed to being instructed to find that the defendant entered any specific type of structure on the disjunctive list found at § 13-1501(11). *See, e.g.*, *State v. Coleman*, 711 P.2d 1251, 1253 (Ariz. Ct. App. 1985). In summary, much like the Oregon statute, the text of Arizona's second degree burglary statute, as well as the manner in which Arizona has instructed its juries regarding the elements of the crime, show that the statute is not divisible. As such, that is the end of the matter and Mr. Apalategui's 1994 Arizona conviction for second degree burglary does not qualify as a predicate violent felony for purposes of the ACCA.

## CONCLUSION

Wherefore, for the foregoing reasons, Mr. Apalategui respectfully requests that the Court grant his § 2255 motion and expeditiously resentence him.

Respectfully submitted,

COBERLY & MARTINEZ, LLLP


/s/ *Todd A. Coberly*
Todd A. Coberly
1322 Paseo de Peralta
Santa Fe, NM 87501
(505) 989-1029
todd@coberlymartinez.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of August, 2017, I filed the foregoing using the CM/ECF system, which will electronically send notification of such filing to all counsel of record.

                                                /s/ *Todd A. Coberly*
                                                Todd A. Coberly