**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    No. 17-CV-00755 RB-KRS
                                                                                12-CR-02903 RB

CHRISTOPHER ALBERT APALATEGUI,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Christopher Apalategui's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed on May 23, 2016[1] (Doc. 59), his Memorandum in Support, filed on August 18, 2017 (Doc. 67), and the Government's Response, filed on August 31, 2017 (Doc. 68).

Defendant pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Docs. 36; Doc. 70-1 (Presentence Report (PSR)) at 1), and the Court sentenced him to the enhanced mandatory minimum sentence of 180 months' imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B) (Docs. 40; 41).

The ACCA provides for a 15-year mandatory minimum sentence for defendants who have three prior qualifying convictions for violent felonies. The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another;

---

[1] Defendant filed his first motion pursuant to 28 U.S.C. § 2255 on October 22, 2014. (Doc. 44.) The Court denied the motion on May 29, 2015. (Doc. 56.) This is Defendant's second motion pursuant to § 2255. The Tenth Circuit granted Defendant authorization to file a second or successive § 2255 motion on July 14, 2017. (Doc. 60.) The motion is now fully briefed, and the parties agree that Mr. Apalategui's sentence should be adjusted in light of *Johnson*.

1

or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . ." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of this definition is known as the "residual clause." In 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause is "unconstitutionally vague and may not be used to impose an increased sentence." *Sarracino v. United States*, No. CV 16-374 MCA/CG, 2017 WL 3098262, at *2 (D.N.M. June 26, 2017) (citing *Johnson*, 135 S. Ct. at 2563).

Defendant's three prior felony convictions included (1) a 1994 second-degree burglary conviction in Arizona; (2) a 1996 first-degree burglary conviction in Oregon; and (3) a 2000 aggravated robbery conviction in Arizona. (PSR ¶ 29.) Defendant now argues, and the Government agrees (*see* Docs. 67; 68 at 2), that at least one of Defendant's three prior convictions—the 1996 first-degree burglary conviction—is not a "violent felony" in light of *Johnson*, "because Oregon first-degree burglary is broader than generic burglary and the statute is not divisible."[2] (Doc. 68 at 4 (citation omitted).)

The United States Probation Office (USPO) prepared a Memorandum "to assist the Court in the adjustment of the defendant's sentence . . . ." (Doc. 70 at 1.) In applying the reduction to Mr. Apalategui's sentence, the USPO calculated the base offense level at 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), as the defendant committed the offense after "sustaining one felony conviction for a crime of violence, in this case, Aggravated Robbery." (*Id.*) Defendant received a three-level reduction for Acceptance of Responsibility for a total offense level of 17. (*Id.*) "A total offense level of 17 combined with a criminal history category of VI results in a guideline

---

[2] Defendant also argues that the 1994 second-degree burglary conviction is not a violent felony in light of *Johnson*. (Doc. 67 at 6–9.) Because the United States concedes that the first-degree burglary conviction "does not qualify as a violent felony in this case, the United States [did] not address Defendant's argument that . . . [the] second-degree burglary is no longer a violent felony under the ACCA." (Doc. 68 at 2.)

2

imprisonment range of 51 to 63 months." (*Id.*) The Court acknowledges and will consider the United States' request to re-sentence Mr. Apalategui at the statutory ten-year maximum due to his "lengthy and serious criminal history . . . ." (Doc. 68 at 5.)

**THEREFORE,**

**IT IS ORDERED** that Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (Doc. 59) is **GRANTED**, and the Court will set this matter for re-sentencing.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**